**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

JUAN JOSE FERNANDEZ-LEAL,

           Petitioner,

    v.

TRACY JOHNS,

           Respondent.

CIVIL ACTION NO.: 5:19-cv-13

### <u>ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Petitioner Juan Fernandez-Leal ("Fernandez-Leal") filed this 28 U.S.C. § 2241 Petition in the District Court for the Southern District of Florida on May 29, 2018. Doc. 1. The Southern District of Florida court transferred Fernandez-Leal's Petition to this Court on February 12, 2019. Doc. 12.[1] After Fernandez-Leal paid the requisite filing fee, this Court ordered service of his Petition in March 8, 2019. Doc. 16. Respondent filed a Motion to Dismiss on April 30, 2019, and Fernandez-Leal filed a Response. Docs. 19, 21. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Fernandez-Leal's Petition based on his failure to exhaust his administrative remedies. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter

---

[1] The Southern District of Florida court ordered Fernandez-Leal's Petition be transferred to this Court on December 3, 2018. Doc. 11. For whatever reason, this case was not electronically filed in this Court until more than two months later.

Case 5:19-cv-00013-LGW-BWC   Document 24   Filed 10/25/19   Page 2 of 10


the appropriate judgment of dismissal and **DENY** Fernandez-Leal leave to appeal *in forma pauperis*.[2]

## BACKGROUND

In his Petition, Fernandez-Leal asks for credit against his federal sentence for time he served on state charges.  Doc. 1 at 1–2.  Fernandez-Leal bases his request on the federal sentencing judge's statement that Fernandez-Leal's federal sentence could run concurrently with his state term of imprisonment.  Id. at 2.  Fernandez-Leal seeks to have 70 days credited against his federal sentence.  Id. at 3.

Respondent moves to dismiss Fernandez-Leal's Petition based on Fernandez-Leal's failure to exhaust his administrative remedies.  Doc. 19.  In his Response, Fernandez-Leal asserts he filed administrative remedies while he was housed at D. Ray James Correctional Facility, spoke with his case manager at the prison who attempted to contact the Bureau of Prisons (BOP"), and contacted the Designation and Sentence Computation team directly.  Doc. 21 at 2.  However, Fernandez-Leal also asserts filing administrative remedies requests through the BOP would have been futile, as he could not have obtained his requested relief.  Id. at 2–3.

## DISCUSSION

### I.    Whether Fernandez-Leal Exhausted his Administrative Remedies

#### A.    Legal Requirements for Exhaustion

The Eleventh Circuit Court of Appeals has held that a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect.  Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x

---

[2]    Fernandez-Leal was released from the Bureau of Prisons' custody on May 17, 2019.  https://www.bop.gov/inmateloc/, search for Register Number 76344-004, Juan Jose Fernandez-Leal, last accessed Oct. 25, 2019.

840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional.").  Nevertheless, the Eleventh Circuit has noted "that the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'"  Id. (citing Santiago-Lugo, 785 F.3d at 475).[3]  Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint.  Jones v. Bock, 549 U.S. 199, 216 (2007).  Additionally, the United States Supreme Court has "held that the PLRA's ["Prison Litigation Reform Act's"] text suggests no limits on an inmate's obligation to exhaust— irrespective of any 'special circumstances.'  And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account."  Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'"  Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)).  Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the

---

[3]     The Court notes that, in certain circumstances, it should not determine exhaustion issues. Specifically, in Jenner v. Stone, this Court noted, "Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'"  Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), report and recommendation adopted, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo, 785 F.3d at 474–75). "However, 'a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question."  Id. (quoting Santiago-Lugo, 785 F.3d at 475).  In these circumstances, it is appropriate for the Court to address Respondent's exhaustion argument.

administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[4]

The Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones, 549 U.S. at 218. It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'") (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005)); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

---

[4]     Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

### B.   Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies.[5] First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in

---

[5]     Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner would be no less applicable to a § 2241 proceeding. See McCoy v. Glidewell, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition).

conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case.  See Bryant, 530 F.3d at 1376–77.

### C.      Analysis of Fernandez-Leal's Efforts at Exhaustion

Fernandez-Leal asserts he did file administrative remedies while he was housed at D. Ray James Correctional Facility.  Doc. 21 at 2.  However, Fernandez-Leal admits he did not file administrative remedies requests through the BOP.  While it is clear Fernandez-Leal failed to exhaust his administrative remedies at the first Turner step, the Court nevertheless proceeds to the second Turner step and makes specific factual findings pertinent to the exhaustion question.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[6]  This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form within 20 days of the informal resolution request.  An inmate may appeal the Step 1 administrative remedy to the Warden via a Step 2 administrative remedy form within five business days after the Step 1 response is returned.  If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the BOP's Administrator of the Privatization Management Branch (BP-10), so long as the appeal involves BOP-related matters.  Betancur v. Johns, Civil Action No.: 5:15-cv-87, 2016 WL 6396016, at *4 (S.D. Ga. Oct. 26, 2016), *adopted by* 2016 WL 7257000 (S.D. Ga. Dec. 14, 2016).  Examples of BOP-related matters which must be appealed through the BOP are: sentence computations, reduction

---

[6]      It has been the Court's experience that inmates at D. Ray James Correctional Facility are to use the contractor's grievance procedures for exhaustion purposes, which vary slightly from the BOP's administrative remedies process, although both procedures require a final appeal with the Office of General Counsel.  See, e.g., Martinez v. Johns, Civil Action No.: 5:17-cv-120, 2017 WL 4934674, at *3 (S.D. Ga. Oct. 31, 2017), *adopted by* 2017 WL 6029622 (S.D. Ga. Dec. 5, 2017); Doc. 19 at 4; Doc. 19-1 at 3.

in sentences, removal or disallowance of good conduct time, participation in certain programs, and an inmate's eligibility for early release.  Pichardo v. Zenk, Civil Action No.: CV511-069, 2011 WL 5102814, at *2 n.4 (S.D. Ga. Sept. 27, 2011), *adopted by* 2011 WL 5103758 (S.D. Ga. Oct. 26, 2011).  If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel (BP-11).  If an inmate files an administrative remedy concerning a BOP-related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database.  Betancur, 2016 WL 6396016, at *4.

The evidence before the Court reveals Fernandez-Leal has not filed any administrative remedy requests for BOP-related matters since he has been incarcerated due to his federal sentence.  Doc. 19-1 at 2.  Glenda Dykes, an administrative remedies clerk with the BOP, declares that Fernandez-Leal has "never submitted any administrative remedies during his incarceration."  Id.  In support of her declaration, Ms. Dykes cites to Fernandez-Leal's administrative remedy information through the SENTRY database.  Id. & at 11.

The only evidence before the Court regarding Fernandez-Leal's attempts at exhaustion reveals that Fernandez-Leal has not filed any administrative remedies request since his incarceration began.[7]  Fernandez-Leal's claims concern BOP-related matters that must be filed and appealed through the above-described process, and Fernandez-Leal failed to do so.  Additionally, there is no indication that the BOP's administrative remedies were ever unavailable to Fernandez-Leal.  Further, aside from Fernandez-Leal's conclusory statement, there is no indication that such remedies would have been futile.[8]  Consequently, the Court should **GRANT**

---

[7]    Fernandez-Leal's assertion that he filed administrative remedies, doc. 21 at 2, is not supported by any evidence of record.  Even accepting as true his assertions that he filed remedies requests through D. Ray James personnel, there is nothing before the Court indicating he filed a BP-10 or BP-11, as required.

[8]    Fernandez-Leal contends that pursuing these issues with the BOP would have been futile because "sentence computation queries . . . are <u>not</u> forwarded to the Designation and Sentence Computation

Respondent's Motion to Dismiss and **DISMISS without prejudice** Fernandez-Leal's claims based on his failure to exhaust his available administrative remedies prior to the filing of his § 2241 Petition.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Fernandez-Leal leave to appeal *in forma pauperis*.  Though Fernandez-Leal has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

Center ("DSCC")."  Doc. 21 at 2.  However, this is contradicted by Respondent's representation that Fernandez-Leal's claim has been submitted to the DSCC but was only submitted once Respondent learned of Fernandez-Leal's claim in this action.  This further demonstrates the administrative remedies available to Fernandez-Leal were not futile.

Based on the above analysis of Fernandez-Leal's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Fernandez-Leal *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Fernandez-Leal's Petition based on his failure to exhaust his administrative remedies.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Fernandez-Leal leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Fernandez-Leal at his last known address and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of October, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA